UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RENARD L TUCKER,** ] | |
| ] | |
| **Petitioner,** ] | |
| ] | |
| v. ] | Case No. 2:24-cv-00943-ACA-HNJ |
| ] | |
| **JOHN CROW, et al.,** ] | |
| ] | |
| **Respondents.** ] | |

## MEMORANDUM OPINION

*Pro se* Petitioner Renard L. Tucker filed a habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 4). In July 2025, the magistrate judge entered a report recommending that the court deny Mr. Tucker's petition because it is untimely (doc. 17 at 5–11), and deny Mr. Tucker a certificate of appealability for failing to "ma[k]e a substantial showing of the denial of a constitutional right" (*id.* at 13). Mr. Tucker timely filed objections to the magistrate judge's report and recommendation.

In his objections, Tucker first argues the one-year statute of limitations applicable to § 2254 habeas petitions pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") should not apply to his petition because the state court lacked jurisdiction, and his "actual innocence" hinges on his "jurisdictional claim." (*See* doc. 20 at 1–2, 5). But as the magistrate judge explained in his report and recommendation, Mr. Tucker's "argument that the state trial court

lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner." (Doc. 17 at 12) (quotation marks omitted); *see also McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (holding that the actual-innocence standard is demanding and is therefore applicable "only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial") (quotation marks omitted). The court agrees with the magistrate judge's report and recommendation and therefore **OVERRULES** Mr. Tucker's objection on jurisdictional grounds.

Next, Mr. Tucker contends that the magistrate judge should have addressed the merits of his habeas petition. (*See* doc. 20 at 2–7). The Eleventh Circuit has instructed district courts "to resolve all claims for relief raised in a petition for writ of habeas corpus." *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992). Here, the magistrate judge's report sufficiently resolves Mr. Tucker's claims by finding inapplicable the equitable tolling and fundamental miscarriage of justice exceptions to Mr. Tucker's untimely habeas petition, which, upon adoption by this court, will render all of Mr. Tucker's claims untimely and not subject to federal habeas review. *See Locascio v. Fla. Dep't of Corr.*, 687 F. App'x 832, 833 (11th Cir. 2017) (holding that the district court complied with *Clisby* where it adopted the magistrate judge's finding that the petitioner "failed to exercise due diligence," which "was dispositive

to the petitioner's claim of equitable tolling"). [1] Accordingly, the court **OVERRULES** Mr. Tucker's objection on this basis.

Having carefully considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendations and Mr. Tucker's objections (docs. 17, 20), the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court **WILL DENY** Mr. Tucker's § 2254 habeas petition (doc. 4), and **WILL DENY** him a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this September 8, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[1] Although Losacio is an unpublished decision, the court finds it persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).